IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LABORERS' PENSION FUND and LABORERS' WELFARE FUND OF THE HEALTH AND WELFARE DEPARTMENT OF THE CONSTRUCTION AND GENERAL LABORERS' DISTRICT COUNCIL OF CHICAGO AND VICINITY, and JAMES S. JORGENSEN, Administrator of the Funds, | ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) | Case No. |
| v. | ) ) | |
| INTERSTATE ASBESTOS REMOVAL CO., INC., an Illinois corporation, | ) ) ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiffs, Laborers' Pension Fund and Laborers' Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity (collectively "Funds") and James S. Jorgensen (hereinafter "Jorgensen"), Administrator of the Funds, by their attorneys Patrick T. Wallace, Jerrod Olszewski, Christina Krivanek, Amy N. Carollo, John Hamada, and Elizabeth Haley Douglass, for their Complaint against Defendant Interstate Asbestos Removal Co., Inc., state:

### COUNT I

**(Failure To Pay Benefit Contributions – October 1, 2009 through March 31, 2013)**

1. Jurisdiction is based on Sections 502(e)(1) and (2) and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1132 (e)(1) and (2) and 1145, Section 301(a) of the Labor Management Relations Act ("LMRA") of 1947 as amended, 29 U.S.C. §185(a), 28 U.S.C. §1331, 28 U.S.C. § 1367, and federal common law.

2.      Venue is proper pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2), and 28 U.S.C. §1391 (a) and (b).

3.      The Funds are multiemployer benefit plans within the meanings of Sections 3(3) and 3(37) of ERISA.  29 U.S.C. §1002(3) and 37(A).  They are established and maintained pursuant to their respective Agreements and Declarations of Trust in accordance with Section 302(c)(5) of the LMRA.  29 U.S.C. § 186(c)(5).  The Funds have offices and conduct business within this District.

4.      Plaintiff James S. Jorgensen ("Jorgensen") is the Administrator of the Funds, and has been duly authorized by the Funds' Trustees to act on behalf of the Funds in the collection of employer contributions owed to the Funds and to the Construction and General District Council of Chicago and Vicinity Training Fund, and with respect to the collection by the Funds of amounts which have been or are required to be withheld from the wages of employees in payment of Union dues for transmittal to the Construction and General Laborers' District Council of Chicago and Vicinity (the "Union").  With respect to such matters, Jorgensen is a fiduciary of the Funds within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A).

5.      Defendant Interstate Asbestos Removal Co., Inc., (hereinafter "Interstate Asbestos" or the "Company") is an Illinois corporation.  The Company does business within this District and is an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. §1002(5), and Section 301(a) of the LMRA, 29 U.S.C. §185(c).

6.      The Union is a labor organization within the meaning of 29 U.S.C. §185(a).  The Union and the Company have been parties to successive collective bargaining agreements, the

most recent of which became effective June 1, 2013 ("Agreement"). (A copy of the "short form"
Agreement entered into between the Union and the Company which Agreement adopts and
incorporates Master Agreements between the Union and various employer associations, and also
binds the Company to the Funds' respective Agreements and Declarations of Trust, is attached
hereto as Exhibit A.)

      7.      The Funds have been duly authorized by the Construction and General Laborers'
District Council of Chicago and Vicinity Training Fund (the "Training Fund"), the Midwest
Construction Industry Advancement Fund ("MCIAF"), the Chicagoland Construction Safety
Council (the "Safety Fund"), the Laborers' Employers' Cooperation and Education Trust
("LECET"), the Concrete Contractors' Association of Greater Chicago ("CCA"), the
CDCNI/CAWCC Contractors' Industry Advancement Fund (the "Wall & Ceiling Fund"), the
CISCO Uniform Drug/Alcohol Abuse Program ("CISCO"), the Laborers' District Council Labor
Management Committee Cooperative ("LDCLMCC"), the CARCO Industry Advancement Fund
("CARCO"), and the Illinois Small Pavers' Association ("ISPA") to act as an agent in the
collection of contributions due to those Funds.

      8.      The Agreement and the Funds' respective Agreements and Declarations of Trust
obligate the Company to make contributions on behalf of its employees covered by the
Agreement for pension benefits, health and welfare benefits, for the training fund and to submit
monthly remittance reports in which the Company, *inter alia*, identifies the employees covered
under the Agreement and the amount of contributions to be remitted to the Funds on behalf of
each covered employee. Pursuant to the terms of the Agreement and the Funds' respective

Agreements and Declarations of Trust, contributions which are not submitted in a timely fashion are assessed up to 20 percent liquidated damages plus interest.

9.      The Agreement and the Funds' respective Agreements and Declarations of Trust require the Company to submit its books and records to the Funds on demand for an audit to determine benefit contribution compliance.

10.     The Agreement requires the Company to obtain and maintain a surety bond to guaranty the payment of future wages, pension and welfare benefits.

11.     Notwithstanding the obligations imposed by the Agreement and the Funds' respective Agreements and Declarations of Trust, Defendant has:

a.      failed to submit $4,360.44 in contributions due to the Welfare Fund for the audit period of May 1, 2008 through March 31, 2012 (a true and accurate copy of the audit is attached hereto as Exhibit B), thereby depriving the Welfare Fund of information and income necessary to administer the Fund;

b.      failed to submit $3,157.56 in contributions due to the Pension Fund for the audit period of October 1, 2009 through March 31, 2013 (see Exhibit B), thereby depriving the Pension Fund of information and income necessary to administer the Fund;

c.      failed to submit $161.10 in contributions due to the Training Fund for the audit period of October 1, 2009 through March 31, 2013 (see Exhibit B), thereby depriving the Training Fund of information and income necessary to administer the Fund;

d.      failed to submit $42.96 in contributions due to the LDCLMCC Fund for the audit period of October 1, 2009 through March 31, 2013 (see Exhibit B), thereby depriving the LDCLMCC Fund of information and income necessary to administer the Fund;

4

e.    failed to submit $42.96 in contributions due to the IECA Fund for the audit period of October 1, 2009 through March 31, 2013 (see Exhibit B), thereby depriving the IECA Fund of information and income necessary to administer the Fund; and

f.    failed to submit $25.06 in contributions due to the LECET Fund for the audit period of October 1, 2009 through March 31, 2013 (see Exhibit B), thereby depriving the LECET Fund of information and income necessary to administer the Fund.

12.    Pursuant to the terms of the Agreement and the Funds' respective Agreements and Declarations of Trust, the Company is obligated to pay up to 20 percent liquidated damages for all contributions which are not paid in a timely fashion, plus interest. Accordingly, the Company is liable for associated liquidated damages as follows: $872.09 to the Pension Fund; $631.51 to the Welfare Fund; $32.22 to the Training Fund; $4.30 to LDCLMCC; $4.30 to IECA; and $2.51 to LECET.

13.    Pursuant to the terms of the Agreements and the Funds' respective Agreements and Declarations of Trust, the Company is liable for the costs of any audit revealing delinquencies to the Funds. Accordingly, the Company is liable for $760.00 in audit costs for the audit covering the period of October 1, 2009 through March 31, 2013 (see Exhibit B).

14.    The Company's action in failing to submit contributions violates Section 515 of ERISA, 29 U.S.C. §1145, and Section 301 of the LMRA. 29 U.S.C. §185.

15.    Pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. §1132 (g)(2), Section 301 of the LMRA, 29 U.S.C. §185, Federal Common Law, and the terms of the Agreement and the Funds' respective Trust Agreements, the Company is liable to the Funds for unpaid contributions, as well as interest and liquidated damages on the unpaid contributions,

accumulated liquidated damages, audit costs, reasonable attorneys' fees and costs, and such other legal and equitable relief as the Court deems appropriate.

WHEREFORE, Plaintiffs respectfully request this Court enter a judgment against Defendant Interstate Asbestos Removal Co., Inc., as follows:

a.       entering judgment in sum certain against the Company on the amounts due and owing pursuant to the audit conducted for the period of October 1, 2009 through March 31, 2013, including contributions, interest, liquidated damages, accumulated liquidated damages, audit costs, and attorneys' fees and costs; and

b.       awarding Plaintiffs any further legal and equitable relief as the Court deems appropriate.

### COUNT II

**(Failure To Pay Union Dues – October 1, 2009 through March 31, 2013)**

16.       Plaintiffs reallege paragraphs 1 through 10 of Count I.

17.       Pursuant to agreement, the Funds have been duly designated to serve as collection agents for the Union in that the Funds have been given the authority to collect from employers union dues which should have been or have been deducted from the wages of covered employees.

18.       Notwithstanding the obligations imposed by the Agreement, the Company has failed to withhold and/or report and forward $329.40 in union dues that were deducted or should have been deducted from the wages of its employees for the audit period October 1, 2009 through March 31, 2013, thereby depriving the Union of income (see Exhibit B).

6

19.     Pursuant to the terms of the Agreement, dues' reports and dues are due by the 10th day following the month in which the work was performed. Dues' reports and dues which are not submitted in a timely fashion are assessed 10 percent liquidated damages. Accordingly, the Company owes $19.83 in associated liquidated damages for untimely paid dues' reports for the month of April 2013 (see Exhibit B).

20.     Pursuant to the Agreement and Federal Common Law, the Company is liable to the Funds for the unpaid union dues, as well as liquidated damages, accumulated liquidated damages, audit costs, reasonable attorneys' fees and costs as the Union's collection agent, and such other legal and equitable relief as the Court deems appropriate.

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendant Interstate Asbestos removal Co., Inc., for the amount of the union dues owed pursuant to the audit conducted for the period of October 1, 2009 through March 31, 2013, together with all liquidated damages, accumulated liquidated damages, audit costs, attorneys' fees and costs, and any other legal and equitable relief as the Court deems appropriate.

March 26, 2014                                  Laborers' Pension Fund, et al.


                                        By:  /s/ Christina Krivanek
                                             Christina Krivanek

Patrick T. Wallace
Jerrod Olszewski
Christina Krivanek
Amy N. Carollo
John Hamada
Elizabeth Haley Douglass
Laborers' Pension and Welfare Funds
Sub Office, 111 W. Jackson Blvd., Suite 1415
Chicago, IL 60604
(312) 692-1540

7



HEADQUARTERS OF

# Construction & General Laborers'
## District Council of Chicago and Vicinity

Affiliated with the Laborers International Union of North America, A. F. of L. - C. I. O.

6121 WEST DIVERSEY AVENUE • CHICAGO, ILLINOIS 60639 • TELEPHONE: 237-7537

## MEMORANDUM OF JOINT WORKING AGREEMENT

_INTERSTATE ASBESTOS ... Co., Inc._

It is hereby stipulated and agreed by and between _____ hereinafter called the "EMPLOYER", and the CONSTRUCTION AND GENERAL LABORERS DISTRICT COUNCIL OF CHICAGO AND VICINITY, herein called the "UNION," representing and encompassing Local Nos. 1, 2, 4, 5, 6, 25, 75, 76, 96, 118, 149, 152, 225, 269, 288, 582, 681, 1001, 1006, 1035, and 1092, and encompassing the geographical areas of the Counties of Cook, Lake, DuPage, Will, Grundy, Kendall, Kane, McHenry, and Boone, in the State of Illinois, together with any other locals which may come within the jurisdiction of the UNION, that:

1. The EMPLOYER recognizes the UNION as the sole and exclusive bargaining agent for all laborers employed by the EMPLOYER in the geographical areas listed above with respect to their wages, hours of work, fringe benefits, and all other terms and conditions of employment.

2. The EMPLOYER affirms and adopts the Collective Bargaining Agreements between the UNION and the Builders Association of Chicago and Vicinity, the Concrete Contractors Association of Greater Chicago, the Illinois Road Builders Association, the Underground Contractors Association, Mason Contractors Association of Greater Chicago, Steel Paving and Ground Separation Contractors, Chicagoland Associated of Wall and Ceiling Contractors, Chicago Building Wreckers Association, Lumber Trade Association, Lake County Contractors Association, Lake County Paving Contractors Association and Sewer Contractor Association, Association of Wall and Ceiling Contractors of Lake County, and all other associations with whom the District Council or any of its affiliated local unions has a duly negotiated agreement, and re-establishes all agreements from June 1, 1980, together with all amendments thereto. It is further agreed that where a contractor works in the jurisdiction of any local UNION, then the agreement of the local UNION is herein specifically incorporated in this agreement and shall supersede the standard District Council agreements in the case of any conflict between the District Council agreement and the local agreement having to do with wages, benefits, or conditions of employment. Nothing herein shall limit the jurisdiction of this agreement to less than that provided in this Memorandum of Agreement.

3. The EMPLOYER agrees to pay the amounts which (he) (it) is bound to pay under said Collective Bargaining Agreements to the HEALTH AND WELFARE DEPARTMENT OF CONSTRUCTION AND GENERAL LABORERS DISTRICT COUNCIL OF CHICAGO AND VICINITY, to the LABORERS' PENSION FUND, and to become bound by and be considered a party to the Agreements and the Declaration of Trust creating said Trust Funds as if (he) (it) had signed the original copies of the Trust Instruments and amendments thereto. The EMPLOYER ratifies and confirms the appointment of the EMPLOYER Trustees who shall, together with their successor Trustees designated in the manner provided in said Agreements and Declaration of Trust and jointly with an equal number of Trustees appointed by the UNION, carry out the terms and conditions of the Trust Instruments.

The EMPLOYER further affirms and re-establishes that all prior contributions paid to the Welfare and Pension Funds were made by duly authorized agents of the EMPLOYER at the proper rates for the appropriate periods of time and that by making said prior contributions the EMPLOYER evidences the intent to be bound by the terms of this Trust Agreement and Collective Bargaining Agreements which were operative at the time the contributions were made, acknowledging the report form to be a sufficient instrument in writing to bind the EMPLOYER to the applicable agreements.

4. Employees covered by this Memorandum of Agreement shall retain all the work traditionally performed by laborers. The EMPLOYER agrees that he will not cause any such (traditionally performed work to be done at a construction site by employees other than those covered by this Memorandum of Agreement, except with the prior written consent of the UNION. Any EMPLOYER who contracts out or sublets any of the work coming within the jurisdiction of the UNION shall assume the obligations of any subcontractor for prompt payment of employees' wages and other benefits, including reasonable attorneys' fees incurred in enforcing the provisions hereof. Notwithstanding any agreement to the contrary, the EMPLOYER's violation of any provision of this paragraph will give the UNION the right to strike or to take any other lawful action, including all remedies at law or equity.

5. In the event of any change in the ownership, management, or operation of the EMPLOYER's business by sale or otherwise, it is agreed that as a condition of such transfer or change it shall be provided in the instrument effecting the change that the new owner and management shall be fully bound by the terms and conditions of this Agreement. This Agreement is applicable to all successors and transferees of the EMPLOYER, whether corporate or otherwise.

6. The negotiated wage rates as evidenced in the various Collective Bargaining Agreements shall be increased June 1, 1986 as follows:

| | |
|---|---|
| June 1, 1986 | Sixty (60¢) cents increase in the Hourly Scale. (From $14.20 per hour to $14.80 per hour) |
| May 31, 1987: | Welfare contributions remain the same at One Dollar Thirty-two ($1.32) cents per hour to the Health and Welfare Fund. |
| " | Pension contributions remain the same at One Dollar Thirty ($1.30) cents per hour to the Pension Fund. |
| " | MCIAF remains the same at $0.02 Cents per hour. |
| " | Training Fund Contributions are to be paid at Five Cents (.05¢) per hour. |
| " | Dues Deduction is .20¢ cents per hour for each hour worked. (.20) cents |
| June 1, 1987: | A Fifty Cents (.50) increase into wages bringing base rate to $15.30 and an additional Five Cents (.05) into Training |
| May 31, 1988: | fund bringing the total to Ten Cents (.10) Cents, existing Fringe Benefits and Dues Deduction remain unchanged. |
| June 1, 1988 - | There is an Eighty Cent (.80) increase that has not been allocated. |
| May 31, 1989: | |

All additional wage rate, dues checkoff, or fringe benefit increases as negotiated after May 31, 1986, shall be incorporated in this Memorandum of Agreements. TWENTY

7. Effective October 1, 1976, all EMPLOYERS covered by this Memorandum of Agreement incorporating the various Collective Bargaining Agreements shall deduct from the wages of employees covered by said contract, working dues in the amount of Ten Cents ($.10) for each straight-time hour worked and Ten Cents ($.10) for each overtime hour worked, and shall remit monthly to the UNION office designated to the EMPLOYER by the District Council the sums so deducted, together with an accurate list of employees from whose wages said dues were deducted and the amounts applicable to each employee, not later than the 15th day of the month following the month for which said deductions were made.

It is the intention of the parties that such deductions shall comply with the requirements of Section 302(c)(4) of the Labor Management Relations Act of 1947, as amended, and that such deductions be made only pursuant to written agreements from each employee on whose account such deductions are made, which assignment shall not be irrevocable for a period of more than one year or beyond the termination date of this Memorandum of Agreement, whichever occurs sooner.

8. This Agreement shall remain in full force and effect through the 31st day of May, 1989, and shall continue thereafter unless there has been given not less than sixty (60) days' written notice by registered or certified mail, by either party hereto, of the desire to modify and amend this Agreement through Negotiations. In the absence of such notice, the EMPLOYER and the UNION agree to be bound by the area-wide negotiated contracts with the various Associations, incorporating them into this Memorandum of Agreement and extending this Agreement for the life of the newly negotiated contract.

10. The employer acknowledges and accepts the facsimile signatures on this contract as if they were the original signatures. The employer further acknowledges receipt of a copy of the complete Joint Working Agreement.

Dated at _Chicago_ this _29_ day of _December_ 19 _86_

ACCEPTED:

Laborers' Local Union No. _225_

By _Daniel McClure_ (?)

By: _(signature)_ _Interstate Asbestos Removal Co. Inc._
(Signature)

_(signature)_
(Name & Title)

_901 B. Nicholas Blvd_
(Address)

_Elk Grove Village, Ill. 60007_

_(312) 228-0710_
(Telephone)

CONSTRUCTION AND GENERAL LABORERS'
DISTRICT COUNCIL OF CHICAGO AND VICINITY

By: _Ernest Kumeran_
Ernest Kumeran, President

By: _James Caporale_
James Caporale, Secretary-Treasurer, Business Manager

TRUST FUND

EXHIBIT A

7/2/2013

## LABORERS' PENSION & WELFARE FUNDS

**AUDIT** 10/1/09-3/31/13

**EMPLOYER** INTERSTATE ASBESTOS REMOVAL CO.          **CODE** 12271

FOLLOWING ARE THE FIGURES OWED BY THE ABOVE MENTIONED CONTRACTOR AS A RESULT OF THE AUDIT.

| ADDITIONAL HOURS | HOURS | WELFARE | RATE | PENSION | RATE | TRAINING FUND | RATE | DUES | LDCLMCC | RATE | MCIAF | RATE | IECA | RATE | LECET | RATE | CISCO | RATE | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 6/1/11-5/31/12 | 358.00 | 4,360.44 | 12.18 | 3,157.56 | 8.82 | 161.10 | 0.45 | 366.62 | 42.96 | 0.12 | - | | 42.96 | 0.12 | 25.06 | 0.07 | - | | 8,156.70 |
| MEN NOT REPORTED | | | | | | | | | | | | | | | | | | | |
| **SUBTOTAL** | 358.00 | 4,360.44 | | 3,157.56 | | 161.10 | | 366.62 | 42.96 | | - | | 42.96 | | 25.06 | | - | | 8,156.70 |
| 10% PENALTIES | | | | | | | | 36.66 | 4.30 | | | | 4.30 | | 2.51 | | | | 47.77 |
| 20% PENALTIES | | 872.09 | | 631.51 | | 32.22 | | | | | | | | | | | | | 1,535.82 |
| AUDIT COSTS | | 380.00 | | 380.00 | | | | | | | | | | | | | | | 760.00 |
| ATTORNEY FEES | | | | | | | | | | | | | | | | | | | |
| ACCUM. PENALTIES | | | | | | | | 19.83 | | | | | | | | | | | 19.83 |
| ACCUM. INTEREST | | | | | | | | | | | | | | | | | | | |
| **TOTAL DUE** | | 5,612.53 | | 4,169.07 | | 193.32 | | 423.11 | 47.26 | | - | | 47.26 | | 27.57 | | - | | 10,520.12 |



EXHIBIT
B

# RICHARD J. WOLF AND COMPANY, INC.

Post Office Box 591
Palos Park, Illinois 60464
(708) 923-0909
Fax (708) 923-0910

July 2, 2013

Board of Trustees of the Various
Fringe Benefit Funds of the
Laborers Pension & Welfare Funds

RE: Interstate Asbestos Removal Co. (12271)

We have performed a fringe benefit contribution compliance audit of Interstate Asbestos Removal Co., for the period from October 1, 2009 through March 31, 2013. The audit encompassed the comparison of individual earnings records to certain payroll tax and fund reports and a review of the general disbursement records.

The comparison and review indicate that the employer has not complied with its fringe benefit contribution requirements and owes the following amounts:

| FUND | AMOUNT |
|---|---|
| WELFARE | $ 4,360.44 |
| PENSION | 3,157.56 |
| TRAINING | 161.10 |
| IECA | 42.96 |
| LECET | 25.06 |
| LMDC | 42.96 |
| DUES | 366.62 |
| Sub Total | $ 8,156.70 |
| Plus previous penalties incurred to Laborers' District Council Funds | $ 19.83 |
| TOTAL | $ 8,176.53 |

In addition, the employer could not provide proof of a current wage and fringe benefit bond.

RICHARD J. WOLF AND COMPANY, INC.

7/2/2013

**LABORERS DISTRICT COUNCIL OF CHICAGO – IECA ASSOCIATION**
**INTERSTATE ASBESTOS REMOVAL CO. #2271**

**YEAR: 6/11 to 5/12**

*ADDITIONAL HOURS and/or WORK DUES 6/11 - 5/12*

| S. S. # | Flags # | Type | | Jun | Jul | Aug | Sep | Oct | Nov | Dec | Jan | Feb | Mar | Apr | May | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| BURGUENO, CESSAR XXXXXXXXX | | Hours | | - | - | - | - | - | 158.00 | - | - | 200.00 | - | - | - | 158.00 |
| | | Gross $ | $ | - | - | - | - | - | 5,561.80 | - | - | | - | - | - | $ 5,561.80 |
| FLORES, JAIME XXXXXXXXX | # | Hours | | - | - | - | - | - | - | - | - | 200.00 | - | - | - | 200.00 |
| | | Gross $ | $ | - | - | - | - | - | - | - | - | | - | - | - | $ |

| TOTAL HOURS | | | 158.00 | | | | | | | | 200.00 | | | | | 358.00 |
| TOTAL GROSS $ | $ | - | - | - | - | - | $ 5,561.80 | - | - | $ 7,770.00 | - | - | - | $ 13,331.80 |

| | Gross $ | Hours | | | | | | | 158.00 | | | 7,770.00 | | | | | 7,770.00 |
| | | | | | | | | | | 5,561.80 | | | 200.00 | | | | | 5,561.80 |
| | | | | | | | | | | 200.00 | | | | | | | | 200.00 |

**Amount Due To Funds:**

| | | Jun | Jul | Aug | Sep | Oct | Nov | Dec | Jan | Feb | Mar | Apr | May | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| WELFARE | $ | - | - | - | - | - | $ 1,924.44 | - | - | $ 2,436.01 | - | - | - | $ 4,360.44 |
| PENSION | $ | - | - | - | - | - | 1,393.56 | - | - | 1,764.00 | - | - | - | 3,157.56 |
| TRAINING | $ | - | - | - | - | - | 71.10 | - | - | 90.00 | - | - | - | 161.10 |
| IECA | $ | - | - | - | - | - | 18.96 | - | - | 24.00 | - | - | - | 42.96 |
| LECET | $ | - | - | - | - | - | 11.06 | - | - | 14.00 | - | - | - | 25.05 |
| LMDC | $ | - | - | - | - | - | 18.96 | - | - | 24.00 | - | - | - | 42.96 |
| DUES | $ | - | - | - | - | - | 152.94 | - | - | 213.68 | - | - | - | 366.62 |
| TOTAL | $ | - | - | - | - | - | $ 3,591.02 | - | - | $ 4,565.68 | - | - | - | $ 8,156.70 |

| Rates: | 6/11 | to | 5/12 |
|---|---|---|---|
| WELFARE | 12.18 | LECET | 0.07 |
| PENSION | 8.82 | LMDC | 0.12 |
| TRAINING | 0.45 | DUES | 2.75% |
| IECA | 0.12 | | |

# LABORERS DISTRICT COUNCIL OF CHICAGO – IECA ASSOCIATION

## INTERSTATE ASBESTOS REMOVAL CO  # 12271

### RICHARD J. WOLF AND COMPANY, INC.

## SUMMARY REPORT TOTAL

|  | ADDITIONAL | UNREPORTED | TOTAL |
|---|---|---|---|
| WELFARE | $ 4,360.44 | $ - | $ 4,360.44 |
| PENSION | $ 3,157.56 | $ - | $ 3,157.56 |
| TRAINING | $ 161.10 | $ - | $ 161.10 |
| IECA | $ 42.96 | $ - | $ 42.96 |
| LECET | $ 25.06 | $ - | $ 25.06 |
| LMDC | $ 42.96 | $ - | $ 42.96 |
| DUES | $ 366.62 | $ - | $ 366.62 |
| TOTAL | $ 8,156.70 | $ - | $ 8,156.70 |

7/2/2013
MPO

Page 3 of 3

# LABORERS DISTRICT COUNCIL OF CHICAGO – IECA ASSOCIATION

INTERSTATE ASBESTOS REMOVAL CO   #12271

RICHARD J. WOLF AND COMPANY, INC.

## ** GRAND TOTAL **

| | | |
|---|---|---:|
| WELFARE | $ | 4,360.44 |
| PENSION | $ | 3,157.56 |
| TRAINING | $ | 161.10 |
| IECA | $ | 42.96 |
| LECET | $ | 25.06 |
| LMDC | $ | 42.96 |
| DUES | $ | 366.62 |
| TOTAL | $ | 8,156.70 |

7/2/2013 10:16:14 AM

# Contractor Information

Contractor:012271 - INTERSTATE ASBESTOS REMOVAL

Address: 1110 HEINZ DR

City:EAST DUNDEE                    State:IL            Zip:60018

Phone:847-228-0770

FAX:847-228-0980

Email:

## Undistributed Reports

| Report Month | Received Date | No. Laborers | Total Hours | Total Gross Wages | Contrib. Dues | Contrib. Dues O/S | Dues O/S | Contrib. LMCC | Contrib. LMCC O/S | LMCC O/S | Contrib. LECET | Contrib. LECET O/S | LECET O/S | Contrib. CCA | Contrib. CCA O/S | CCA O/S | Contrib. IECA | Contrib. IECA O/S | IECA O/S | Total Amt Contrib. | Pen. | Pen. O/S | Total Amt |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

## Reports in History

| Report Month | Received Date | No. Lab. | Total Hours | Total Hours | Total Gross Wages | Contrib. Dues | Contrib. Dues | Dues O/S | Contrib. LMCC | Contrib. LMCC | LMCC O/S | Contrib. LECET | Contrib. LECET | LECET O/S | Contrib. CCA | Contrib. CCA | CCA O/S | Contrib. IECA | Contrib. IECA | IECA O/S | Total Amt |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2013-04 | 05/10/2013 | 0 | 0.00 | | $0.00 | $0.00 | | $0.00 | | $0.00 | | $0.00 | | $0.00 | | $0.00 | | $0.00 | | $0.00 | $0.00 |

|        | O/S |
|--------|-----|
| Penalty | -19.83 |
| Balance | -19.83 |